UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) CASE NO. 4:08-CR-0464-SLB |
| | ) |
| **ERIC JAWAYNE DANIELS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant Eric Jawayne Daniels's Motion for Term of Modification of Imprisonment Memorandum Petition to Judge to Request Compassionate Release [hereinafter Motion for Compassionate Release]. (Doc. 75.) Daniels asks the court to order him released because of the coronavirus pandemic pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act or the CARES Act.[1] (*Id.* at 1.)  For the reasons set forth below, Daniels's Motion for Compassionate Release, (doc. 75), is **DENIED**.

Daniels argues that the CARES Act "gives the District Court jurisdiction to 'immediate[ly] release' [an] inmate to 'home confinement.'" *Id.* (citing PL 116-136, Div. B, Title II, § 12003(b)(2)).  However, pursuant to 18 U.S.C. § 3624(c), the Bureau of Prisons [hereinafter BOP], not the district court, has the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6

---

[1] PL 116-136, Div. B, Title II, § 12003, Mar. 27, 2020, 134 Stat. 515.

months." 18 U.S.C. § 3624(c)(2). Section 12003(b)(2) of the CARES Act extended the time that the BOP can place an inmate in home confinement; the Act states:

> During the covered emergency period,[2] if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, Pub.L. 116-136, Div. B, Title II, § 12003(b)(2)(footnote added).

> The BOP designates the place of defendant's imprisonment. *See* 18 U.S.C. § 3621(b). The Court does not have authority to dictate placements to the BOP. *See United States v. Cosby*, 180 Fed. App'x 13, 13 (10th Cir. 2006). While the CARES Act gives the BOP broad discretion to ***expand*** the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision. *See United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, [the] ultimate decision whether to release inmate to home confinement rests with BOP).

*United States of America v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, *5 (D. Kan. Apr. 16, 2020)(emphasis added); *see also United States v. Campbell*, No. 3:12-CR-24 (CAR), 2014 WL 12911957, *1 (M.D. Ga. Sept. 17, 2014)("Defendant's request

---

[2] A "covered emergency period" is defined as "the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) . . . with respect to the Coronavirus Disease 2019 (COVID-19) and ending on the date that is 30 days after the date on which the national emergency declaration terminates." CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003 (a)(2). On April 3, 2020, Attorney General William Barr, exercising his emergency authority under the CARES Act, expanded the group of inmates the Director of the BOP could consider for home confinement in light of emergency conditions caused by the COVID-19 virus and its effect on prison populations. Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, https://www.justice.gov/file/1266661/download (last accessed Apr. 22, 2020).

to be placed on home confinement lies within the sole discretion of the BOP, and any order from this Court would merely be a recommendation to the BOP to consider placing Defendant in home confinement." (citing 18 U.S.C. § 3621(b))).

Subsection 12003(b)(2) of the CARES Act has nothing to say about the district court's authority to order home confinement during the covered emergency period. The court finds, under the CARES Act, the BOP, through the Attorney General's delegation, retains the "exclusive authority and sole discretion to designate the place of an inmate's confinement," including home confinement.[3] *See de Jesus v. Woods*, No. 2:19-CV-121-WHA, 2019 WL

---

[3]The court notes that the BOP is currently assessing each inmate for home confinement during the Covid-19 pandemic. According to the BOP –

> In response to COVID-19, the Bureau of Prisons (BOP) has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures.
>
> The BOP has increased Home Confinement by over 40% since March and is continuing to aggressively screen all potential inmates for Home Confinement. On April 3, the Attorney General exercised emergency authority under the CARES Act, to further increase Home Confinement.
>
> Given the surge in positive cases at select sites and in response to the Attorney General's directives, the BOP has begun immediately reviewing all inmates who have COVID-19 risk factors, as described by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton and similarly-situated facilities to determine which inmates are suitable for home confinement.
>
> **Inmates do not need to apply to be considered for home confinement.** Case management staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General. The Department has also increased resources to review and make appropriate determinations as soon as possible.

3326199, *4 (M.D. Ala. June 21, 2019)(BOP has the "exclusive authority and sole discretion" to place inmates in home confinement. (quoting *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, *1 (E.D.N.C. Apr. 23, 2019)(citations omitted), and citing *Parsons v. Howard*, No. 3:18-cv-1406, 2019 WL 469913, *2 (M.D. Pa., Feb. 6, 2019)), *report and recommendation adopted*, No. 2:19-CV-121-WHA, 2019 WL 3323736 (M.D. Ala. July 24, 2019). Therefore, Daniels's Motion, asking the court to place him in home confinement, is **DENIED**.

Daniels also asks the court to order his compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act. Prior to passage of the First Step Act, a district court could order compassionate release based on "extraordinary and compelling reasons" only if the BOP filed a motion on behalf of the inmate. However, after passage of the First Step Act, a sentencing court can modify a sentence either (1) "upon motion of the Director of the [BOP]," or (2) "upon motion of the defendant," but only after the earlier of (a) the date on which "defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf," or (b) 30 days after the warden of

---

While all inmates are being reviewed for suitability, any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager. The BOP may contact family members to gather needed information when making decisions concerning Home Confinement placement.

Update on COVID-19 and Home Confinement: BOP continuing to aggressively screen potential inmates, https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp (last accessed Apr. 22, 2020).

defendant's facility receives defendant's request for such a motion. 18 U.S.C. 3582(c)(1)(A). Therefore, before this court may consider an inmate's motion for compassionate release, the inmate must comply with one of these two prerequisites, either –

> (1) request the BOP file a motion on his behalf and, if denied by the BOP, exhaust all administrative appeals,
>
> or
>
> (2) request the warden of his facility file a motion on his behalf and wait 30 days before filing a motion in the district court.

*Id*.; *see also United States v. Mollica*, No. 2:14-CR-329-KOB, 2020 WL 1914956, *6 (N.D. Ala. Apr. 20, 2020)("For a prisoner to file a motion for compassionate release under § 3582, the prisoner must first exhaust administrative remedies by seeking relief from the warden and having such relief either declined or ignored." (citing 18 U.S.C. § 3582(c)(1)(A))).

> Although the Court retains the ultimate authority to decide whether to reduce an inmate's sentence under the FSA [First Step Act], the Court concludes it may only exercise that authority within the strictures of the statute that grants it, and, as noted, the FSA does not grant this Court the authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the FSA have been met. This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the FSA due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements of the FSA.

*United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, *7 (D. Or. Apr. 6, 2020)(citing, *inter alia*, *United States v. Raia*, ___ F. 3d ___, No. 20-1033, 2020 WL 1647922, *1-2 (3d Cir. Apr. 2, 2020), and *United States v. Eberhart*, No. 13-cr-00313, 2020

5

WL 1450745, *2 (N.D. Cal. Mar. 25, 2020)); *see United States v. Rabadi*, No. 13-CR-353 (KMK), 2020 WL 1862640, *3 (S.D.N.Y. Apr. 14, 2020)"[T]he vast majority of courts to have considered the issue have concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic.")(citations and quotations omitted); *see also United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, *3 (D.N.J. Apr. 9, 2020)("While judicially created exhaustion requirements may sometimes be excused, it is well settled that a court may not ignore a statutory command, such as the one imposed in Section 3582(c)(1)(A).")(citations omitted); *United States v. Carver*, ___ F. Supp. 3d ___, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, *1 (E.D. Wash. Apr. 1, 2020)("The administrative exhaustion requirement [of § 3582(c)(1)(A)] admits of no exception. Defendant fails to indicate whether she has sought relief from the [BOP], much less shown she has satisfied the statute's exhaustion requirement. . . . The Court's hands are bound by the statute. . . . [A]bsent congressional action to relieve inmates of the exhaustion requirement, the Court is unable to provide the relief Defendant seeks.")(citations and footnote omitted).

Daniels has not shown he has satisfied either of these exhaustion prerequisites, and such failure "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 2020 WL 1647922 at *2. The court finds that it is not authorized to grant Daniels's requested compassionate release at this time. *United States v. Zywotko*, No. 2:19-cr-113-

6

FtM-60NPM, 2020 WL 1492900, *1 (M.D. Fla. Mar. 27, 2020)("[S]ince Defendant has failed to exhaust his administrative remedies, the Court does not possess authority to grant relief under § 3582(c)(1)(A)(i)."); *see also United States v. Hays*, Crim. No. 18-0088-KD-N, 2020 WL 1698778, *1 (S.D. Ala. Apr. 7, 2020)("Since Hays failed to comply with either of the two statutory requirements [of § 3582(c)(1)(A)(ii)], the Court finds that she has not met the necessary prerequisites for consideration of her motion. Accordingly, Hays'[s] motion is due to be dismissed for failure to meet the statutory prerequisites." (citing *United States v. Solis*, Crim. No. 16-015-CG-MU, 2019 WL 2518452, *2 (S.D. Ala. Jun 18, 2019))).

## CONCLUSION

Based on the foregoing, defendant Daniels's Motion for Compassionate Release, (doc. 75), is **DENIED**.

**DONE** this 22nd day of April, 2020.

						_/s/ Sharon Lovelace Blackburn_
						SHARON LOVELACE BLACKBURN
						UNITED STATES DISTRICT JUDGE